LEWIS D. CLARK, Appellants from decrees of Judge of Probate.

Washington. Opinion January 16, 1914.

*Amendment. Appeal. Discretion. Exceptions. Probate Court. Reasons of Appeal. Undue Influence. Will.*

1. The allowance of amendments by a trial court, when legally allowable, is a matter of discretion, and exceptions do not lie to the exercise of the discretion.
2. If an amendment is allowed or disallowed as a matter of law, exceptions lie.
3. Unless the bill of exceptions shows that the amendment was allowed or disallowed as a matter of law, it is to be presumed that the ruling was made as a matter of discretion, and the exceptions do not lie.

On exceptions by the plaintiffs. Exceptions dismissed.

This is an appeal by the plaintiffs from a decree of the Judge of Probate for the County of Washington, June 10, 1913, admitting to probate the last will and testament of Lewis D. Clark, late of Eastport, in said county, deceased. Said appeal was entered in the Supreme Judicial Court, being the Supreme Court of Probate, at the October term, 1913, when the appellants moved to amend their reasons of appeal by striking out reason numbered 7 and substituting therefor another reason. The presiding Justice refused to allow the amendment. To which refusal by said Justice, the plaintiffs excepted.

The case is stated in the opinion.

*John F. Lynch, and H. H. Gray,* for plaintiffs.

*W. R. Pattangall, and A. D. McFaul,* for defendants.

SITTING: SAVAGE, C. J., SPEAR, HANSON, PHILBROOK, JJ.

SAVAGE, C. J. This case is an appeal from the allowance by the Judge of Probate of a certain instrument as the last will and testament as the last will and testament of Lewis D. Clark. In the Supreme Court of Probate, the appellant moved for leave to amend

his reasons of appeal by striking out the seventh reason, namely, "That on December 1, 1908, the said Lewis D. Clark by reason of the undue influence of said Andrew Clark signed conveyances to said Andrew Clark of all his property both real and personal whereby and by reason whereof said written instrument was annulled and revoked," and by substituting in lieu thereof the following, as a reason of appeal:—"That on December 1, 1908, the said Lewis D. Clark signed certain written instruments purporting to convey to the said Andrew Clark all of his property both real and personal by reason of which act the written instrument purporting to be the last will and testament of said Lewis D. Clark was thereby revoked." The changes sought by the amendment are an omission of the element of undue influence, and the change of the term "conveyances" to "instruments purporting to convey." The effect of the instruments is more cautiously expressed in the amendment than in the original. The presiding Justice declined to allow the amendment, and to that ruling, exceptions were taken.

Whether amendments, in substance, of reasons of probate appeals are allowable has been mooted in argument in several cases in this State, but never decided. See Thompson Applt., 92 Maine, 563; *Smith* v. *Chaney,* 93 Maine, 214; Abbott, Applt., 97 Maine, 280. Nor do we need to decide it now. It has many times been held that the allowance of amendments by the trial court, when legally allowable, is a matter of discretion, and that exceptions do not lie to the exercise of the discretion. *Clapp* v. *Balch,* 3 Maine, 216; *Wyman* v. *Dorr,* 3 Maine, 187; *Foster* v. *Haines,* 13 Maine, 307; *Carter* v. *Thompson,* 15 Maine, 464; *Cummings* v. *Buckfield Branch R. R.,* 35 Maine, 478. On the other hand, if an amendment not legally allowable is allowed, a question of law is presented, and exceptions lie. *Newall* v. *Hussey,* 18 Maine, 249; *Ayer* v. *Gleason,* 60 Maine, 207; *Brown* v. *Starbird,* 98 Maine, 292. So if an amendment is allowed or disallowed as a matter of law, exceptions lie. But, exceptions do not lie to the refusal of a judge to allow an amendment, unless the bill of exceptions shows that he ruled, as a matter of law, that the proposed amendment was one which could not be allowed. When the bill of exceptions is silent on this point "it is to be presumed that he ruled, as a matter of discretion, not to

allow the amendment, because under the circumstances justice would not in his opinion be thereby promoted." *Gilman* v. *Emery,* 66 Maine, 460.

The bill of exceptions in this case does not show that the ruling complained of was made as a matter of law. Therefore the exceptions were not allowable, and must be dismissed.

*Exceptions dismissed.*